UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EATHERNA W. CRAWFORD,

   Plaintiff,          Case Number: 07-15423

v.                JUDGE PAUL D. BORMAN
                 UNITED STATES DISTRICT COURT
ANDERSON TRUCKING SERVICE, INC.,
LIBERTY MUTUAL FIRE INSURANCE CO.,

   Defendants,

and

OLD REPUBLIC INSURANCE COMPANY,

   Intervening-Plaintiff,

v.

EATHERNA W. CRAWFORD, ANDERSON
TRUCKING SERVICE, INC., and LIBERTY
MUTUAL FIRE INSURANCE CO.,

   Defendants.
_____ /

**ORDER (1) DENYING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT; (2)
GRANTING ANDERSON'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND (3)
GRANTING ANDERSON'S MOTION FOR SUMMARY JUDGMENT**

   Before the Court are three motions for summary judgment: 1) Intervening-Plaintiff Old

Republic Insurance Co.'s motion for summary judgment, filed December 8, 2008 (Doc. No. 33); 2)

Anderson Trucking Service Inc.'s Cross-Motion for Summary Judgment against Old Republic

Insurance Co., filed December 18, 2008 (Doc. No. 36); and 3) Anderson Trucking Service Inc.'s

1

Motion for Summary Judgment against Plaintiff, filed December 29, 2008 (Doc. No. 37). The motions were fully briefed, and this Court heard oral arguments on February 25, 2009. For the reasons discussed below, the Court: 1) denies Old Republic's motion for summary judgment; 2) grants Anderson's cross-motion for summary judgment; and 3) grants Anderson's motion for summary judgment.

## I. BACKGROUND

This insurance coverage dispute arises from a semi-truck accident on November 23, 2006. Plaintiff's semi-truck was rear-ended by another semi-truck. Plaintiff is seeking payment of Michigan no-fault insurance benefits from Defendants. Intervening-Plaintiff seeks reimbursement from Plaintiff and Defendants for the benefits it has already paid Plaintiff.

At the time of the accident, Plaintiff was an independent contractor for Anderson Trucking Service, Inc. ("Anderson"). Plaintiff leased a semi-truck from Anderson and had a contract to haul freight for Anderson. (Anderson Mot. Summ. J. Ex. 1, Master Equipment Lease; Ex. 2, Independent Contractor Operating Agreement). Plaintiff is a Michigan resident, who resides in Warren, Michigan. (Anderson Mot. Summ. J. Ex. 6, Crawford Dep. 1-8). The semi-truck was registered in Indiana. (Anderson Mot. Summ. J. Ex. 4, Peterson Aff. 2).

Pursuant to the lease agreement, Plaintiff was required to obtain and maintain physical damage and liability insurance. (Master Equipment Lease 22). According to the Independent Contract Operating Agreement, Plaintiff obtained physical damage and liability insurance through Anderson for $474.83, a month. (Independent Contractor Operating Agreement, Addendum 2). Anderson obtained physical damage and liability insurance for Plaintiff from Intervening-Plaintiff Old Republic Insurance Co. ("Old Republic"). (Anderson Cross-Mot. Summ. J. Ex. 1, Old Republic

Policy No. ORL 1059F). The Old Republic policy insures independent contractors working for Anderson against injuries sustained while performing their contractual duties. (Old Republic Policy No. ORL1059F, Section II A).

Plaintiff applied for benefits from Old Republic for injuries he sustained in the accident. (Intervening Plaintiff's Complaint 12). Old Republic paid Plaintiff medical and disability benefits pursuant to the policy. (*Id*.) Old Republic states that it has paid $112,590.26, either to or on behalf of Plaintiff, through October 29, 2008. (Old Republic Mot. Summ. J. 6).

At the time of the accident, Plaintiff had a no-fault automobile insurance policy, issued by Defendant Liberty Mutual Fire Insurance Co. ("Liberty Mutual"), which insured his personal vehicles. (Pl.'s Resp. Liberty Mutual's Mot. Summ. J. Ex 2, Liberty Mutual Policy). Plaintiff applied for benefits from Liberty Mutual in 2007, which Liberty Mutual denied on January 12, 2007. (Anderson Mot. Summ. J. Ex. 7, Liberty Mutual Denial Letter). Liberty Mutual denied the benefits because Plaintiff was injured in a work accident, in a motor vehicle owned or registered by his employer. (Id.) Liberty Mutual advised Plaintiff to file a claim with the insurer of the truck. (Id.)

On November 7, 2007, Plaintiff filed a declaratory action in Wayne Court Circuit Court against Defendants Anderson Trucking Service, Inc. and Liberty Mutual Fire Insurance Co., seeking a determination that Anderson and Liberty Mutual were liable for payment no-fault benefits (Compl. 6-7).

Anderson removed Plaintiff's complaint to this Court on December 20, 2007, based on diversity of citizenship. (Doc. No. 1).

Old Republic moved to intervene in this case, and Magistrate Judge Scheer entered a stipulated order allowing Old Republic to intervene on April 29, 2008. (Doc. No. 29). Thereafter,

Old Republic filed a complaint in which it asked this Court to determine the extent of its financial obligation for Plaintiff's injuries, given that he was insured under two insurance policies, and to decide whether Old Republic is entitled to reimbursement. (Intervening Compl. 18).

Thereafter, the parties filed the instant motions for summary judgment. The first summary judgment motion filed by Old Republic argues that Plaintiff is entitled to recover PIP benefits from his personal Michigan no-fault insurance policy, and seeks subrogation for the recovery of the benefits it has already paid. (Old Republic Mot. Summ. J. 4, 9).

In its cross-motion for summary judgment against Old Republic, Anderson seeks a declaration that Old Republic is not entitled to subrogation from Anderson because Anderson is the holder of the Old Republic insurance policy. (Anderson Cross-Motion Summ. J. 4). Anderson also seeks summary judgment on Plaintiff's claims, arguing that Plaintiff is not entitled to no-fault PIP benefits because he did not maintain no-fault insurance on the semi-truck. (Anderson Mot. Summ. J. 4-5). Alternatively, Anderson argues that it is not required to pay Plaintiff PIP benefits because the semi-truck was properly registered in Indiana and, therefore, Plaintiff was not required to maintain no-fault insurance on it, and Plaintiff must receive his PIP benefits from his personal insurer. (*Id.* at 6). Anderson further argues that Plaintiff is not an Anderson employee and, therefore, cannot recover benefits from Anderson or its insurer. (*Id.* at 7).

Liberty Mutual filed an untimely summary judgment motion on January 22, 2009. (Doc. No. 43). This Court entered an order striking the untimely motion on January 23, 2009. (Doc. No. 49).

**II. STANDARD OF REVIEW**

The United States Court of Appeals for the Sixth Circuit has summarized the legal standard for summary judgment motions as follows:

4

> Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In reviewing a motion for summary judgment, we view the evidence, all facts, and any inferences in the light most favorable to the nonmoving party. "To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact." A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]."

*Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 500-01 (6th Cir. 2007) (internal citations omitted).

## III. ANALYSIS

At this point, Old Republic has paid Plaintiff over $100,000 in medical and disability benefits. Anderson and Liberty Mutual have not paid any benefits. Old Republic argues that Anderson and Liberty Mutual are obligated to pay Plaintiff's PIP benefits under the Michigan no-fault statute. Anderson and Liberty Mutual both disclaim responsibility for the payment of PIP benefits. Because Anderson's motion for summary judgment raises the insurance coverage issue, this Court will address it first.

Anderson first argues that it is entitled to summary judgment because Plaintiff was required to maintain no-fault insurance on the semi-truck and, because Plaintiff failed to do so, Plaintiff is not entitled to collect no-fault PIP benefits.

The Michigan No-Fault Insurance Act, M.C.L. 500.3101 et seq., requires owners or registrants of motor vehicles registered in Michigan to maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. M.C. L. § 500.3101(1). Section 500.3101(1) only applies to vehicles required to be registered in Michigan; thus, vehicles properly registered elsewhere do not have to maintain no-fault insurance.

5

*See Parks v. DAIIE*, 426 Mich. 191, 200 (1986).  In addition, nonresident owners or registrants of a motor vehicle not registered in Michigan are also required to maintain security for payment of benefits if the motor vehicle is operated in Michigan more than 30 days in a year. M.C.L. § 500.3102(1).

Plaintiff is a resident "owner" of the semi-truck because he leased the semi-truck for longer than 30 days, and he resides in Michigan. M.C.L. § 500.3101(2)(h)(i).  Accordingly, § 500.3101(1) does not to apply to Plaintiff, even though he is an owner of the semi-truck, because the semi-truck is registered in another state.  Section 500.3102(1) also does not apply to Plaintiff because he is a resident owner.  Anderson was not required to insure the vehicle with a no-fault policy because under the no-fault statute, Plaintiff is the owner of the semi-truck and Anderson is not a registrant. The statute specifically excludes lessors of motor vehicles leased for more than 30 days from the definition of "registrant." M.C.L. § 500.3101(2)(i). Consequently, It appears that no-fault insurance was not required to be maintained on the semi-truck.

However, this raises the question of whether the semi-truck was properly registered out of state. The question of registration is important because "only those vehicles required to be registered in this state are subject to the requirements of the no-fault act." *Covington v. Interstate Sys.*, 88 Mich. App. 492, 494 (1979).

Michigan generally requires "every motor vehicle pickup camper, trailer coach, trailer, semitrailer, and pole trailer, when driven or moved upon a highway" to be registered in accordance with the laws of Michigan. M.C.L. § 257.216.  However, pursuant to the Highway Reciprocity Act, M.C.L. § 3.163 et seq., Michigan residents may title their vehicles in states with which Michigan has a reciprocity agreement.

It is undisputed that Plaintiff is a resident of Michigan. (Crawford Dep. 1-8). It is also undisputed that Plaintiff drove his leased semi-truck in Michigan. (Crawford Dep. 104-106). The semi-truck was registered in Indiana, however. (Warner Aff. 2). Through an employee affidavit, Anderson asserts that the truck was properly registered in Indiana pursuant to a multistate agreement between Michigan and Indiana. (Warner Aff. 2). Because no other party contradicts Anderson's assertion that the truck was properly registered in Indiana, this Court accepts, as true, the employee affidavit stating that the truck was properly registered.

Based on the information provided, it appears that Plaintiff was not required to maintain no-fault insurance on the semi-truck because it was not registered, and was not required to be registered, in Michigan. Anderson, therefore, is not entitled to summary judgment on this ground.

Because neither Plaintiff nor Anderson was required to maintain a no-fault insurance policy on the semi-truck, this Court must decide whether Plaintiff should recover benefits from his personal insurer, the insurer of the truck, or Anderson.

Anderson argues that Plaintiff must recover from his personal insurer because the semi-truck was properly registered in Indiana and, consequently, it was not subject to the no-fault act requirements. (Anderson Mot. Summ. J. 6). Plaintiff argues that he is entitled to recover PIP benefits from the occupational accident insurance policy Anderson obtained on his behalf, from Old Republic, because the insurance policy was required both by M.C.L. § 500.3102(1) and the contract Plaintiff signed with Anderson. (Pl.'s Resp. 4-5). Mutual Liberty argues that Anderson is the proper payor of no-fault benefits to Plaintiff because, as the registrant of the semi-truck, Anderson was required to maintain a security on the vehicle. (Mutual Liberty's Resp. 3-5). Mutual Liberty further argues that Anderson is directly liable for the no-fault benefits because it is self-insured. (Mutual

7

Liberty Resp. 5).

Typically, under the Michigan no-fault statute, a person injured in an automobile accident looks to his or her own insurance company for no-fault benefits. *Michigan Mut. Ins. v. Farm Bureau*, 183 Mich. App. 626, 630 (1990). M.C.L. § 500.3114(1) provides, in part, "Except as provided in subsections 2, 3, and 5, a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy . . . if the injury arises from a motor vehicle accident." Thus, the general rule requires Plaintiff to look to his own no-fault insurer for benefits unless one of the statutory exceptions applies. *See Parks*, 426 Mich. at 202-203.

The only exception that is possibly applicable to the facts presented is contained in M.C.L. § 500.3114(3), which states:

> An employee . . . who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

Anderson argues that Plaintiff was not its employee, but an independent contractor. (Anderson Mot. Summ. J. 7). Plaintiff and Liberty Mutual both argue that Plaintiff was an employee of Anderson and, therefore, Anderson, as the insurer of the semi-truck is liable for Plaintiff's PIP benefits. (Pl.'s Resp. 6-8; Liberty Mutual Resp. 5).

In *Parks v. DAIIE*, 426 Mich. 191, 196 (1986), the plaintiff, a trucking company employee, injured himself while lifting a carton of brass fittings from the trailer of a semi-truck. The trailer, a motor vehicle, was not required to be registered in Michigan pursuant to M.C.L. § 500.3101(1), and was not subject to the act's security provisions in § M.C.L. § 500.3102(1). *Id*. at 196-197. The Michigan Supreme Court held that the employee's personal insurer was liable for PIP benefits because the vehicle was not required to be registered in Michigan and, thus, was not subject to the

8

Michigan no-fault act. *Id*. at 207.

Like in *Parks*, the semi-truck at issue in this case was not required to be registered in Michigan, and is not subject to the Michigan no-fault act. Because the semi-truck is not subject to the no-fault act, the exception of an employee insured in an employer's vehicle does not apply. *See Parks*, 426 Mich. at 206. As the Michigan Supreme Court explained in *Parks*:

> From a clear reading of the no-fault act and the reasoning of the cited case law, we find the following: First, the plain language of § 3101(1) subjects only those vehicles required to be registered in this state to the mandatory security requirements. The fact that a vehicle is actually covered by an insurance policy, or that the owner of the vehicle is self-insured, does not alter whether the vehicle itself need or need not conform to the requirements of the act. Second, the policy of the Legislature was to provide a method whereby persons injured in automobile accidents would be readily provided relief from the results of their injury. Third, the primary method of accomplishing this result, from the general rule in § 3114(1), is that one looks to one's own insurer for no-fault benefits unless one of the statutory exceptions applies. Fourth, the exception of an employee injured in an employer's vehicle contained in subsection 3 of § 3114 applies only in the case in which the insured vehicle is required to be registered in this state and thus the exception of subsection 3 does not apply, we look to the general intention of the Legislature in § 3114(1) to provide compensation for liability through the injured person's personal insurer.

*Id.*

Plaintiff and Liberty Mutual, in support of their argument that Plaintiff should recover from Anderson, rely on two cases: *Celina Mutual Insurance Co. v. Lake States Insurance Co.*, 452 Mich. 84 (1996), and *Dulic v. Progressive Michigan Insurance Co.*, 2007 WL 490984 (Mich. App. Feb. 15, 2007). Both of the cases are distinguishable from the facts at bar.

In *Celina*, a self-employed owner of a towing business was injured in an accident while driving a wrecker truck owned by his towing business. 452 Mich. at 86. Celina, the insurance company that insured the wrecker truck, paid Plaintiff no-fault benefits, but then brought a declaratory action against the insurer of Plaintiff's personal vehicles seeking recoupment of the

benefits paid. *Id.* Both the insurance policies, that on the plaintiff's work trucks and that on the plaintiff's personal vehicles, were no-fault insurance policies. *Id*. at 85. The Michigan Supreme Court held that the plaintiff was an employee of his proprietorship and, therefore, recovered no-fault benefits from the no-fault insurer of his work trucks. *Id.* at 85.

In *Dulic*, the plaintiff was injured while occupying a semi-truck owned by a company that contracted with plaintiff to haul loads. Slip op. at 1. The company argued that it was not obligated to pay the plaintiff's no-fault benefits because the plaintiff was an independent contractor, not an employee, at the time of the accident. *Id*. The Michigan Court of Appeals, in an unpublished opinion, held that the company's insurer was liable for the plaintiff's no-fault benefits. Id. The court reasoned that the plaintiff, as an independent contractor, was self-employed and, under Celina, is considered both an employee and employer. *Id*. at 2. The Court then reasoned that the plaintiff's status as an employee triggered M.C.L. §500.3114(3), which provides that "the insurer of the furnished vehicle" is responsible to pay the PIP benefits. *Id*. at 2.

In both *Celina* and *Dulic*, the vehicles involved in the accident were subject to the no-fault act; thus, both cases involved no-fault priority disputes. In this case, the semi-truck was not required to be registered in Michigan, and was not subject to the no-fault act. Accordingly, as the Michigan Supreme Court explained in *Parks*, 426 Mich. at 206, "the exception of an employee injured in an employer's vehicle contained in subsection 3 of § 3114 applies only in the case in which the insured vehicle is required to be registered in this state." Thus, because the semi-truck was not required to be registered in Michigan, Anderson is not responsible for Plaintiff's no-fault benefits, regardless of Plaintiff's employment status with the company. This Court, therefore, grants Anderson's motion for summary judgment because Anderson is not liable to pay Plaintiff's no-fault benefits.

10

Of course Plaintiff's case is unique because Plaintiff also carried an occupational accident coverage policy on the semi-truck, issued by Old Republic. Plaintiff paid $428 a month for an insurance policy for personal injuries incurred while driving the truck, as required by Anderson in the truck lease. In order to decide the effect, if any, of the Old Republic policy, the Court will now turn to Old Republic's motion for summary judgment on its claim for subrogation against Plaintiff, Anderson and Liberty Mutual.

Old Republic argues that its policy excludes coverage for a loss resulting from an "[i]njury for which Benefits are payable under any Workers' Compensation Act, Medicare, Medicaid or similar law." (Old Republic Mot. Summ. J. 4-5). Old Republic further argues that the no-fault act is similar to workers' compensation, Medicare and Medicaid, and Plaintiff must recover from Liberty Mutual, his no-fault insurer. (Old Republic Mot. Summ. J. 5).

In response to Old Republic's motion for summary judgment, Plaintiff asks this Court to deny Old Republic summary judgment because the issue of whether Plaintiff's injuries arose out of the operation of motor vehicle has not been adjudicated, and Plaintiff anticipates that either Old Republic or Liberty Mutual will attempt to deny coverage on that basis. (Pl.'s Resp. 3). Plaintiff also argues that Old Republic is not entitled to summary judgment because Plaintiff is entitled to recover from both Old Republic and Liberty Mutual. (Pl.'s Resp. 4-5).

Liberty Mutual argues that the no-fault act is not a similar law to workers' compensation, Medicare or Medicaid and, therefore, Old Republic is not entitled to reimbursement from Liberty Mutual, a no-fault insurer. (Liberty Mutual Resp. 3). Liberty Mutual further argues that Old Republic's subrogation clause does not entitle it to reimbursement from Liberty Mutual. (Liberty Mutual Resp. 5).

The Old Republic insurance policy at issue is named, "Truckers Occupational Accident Coverage." (Old Republic Mot. Summ. J. Ex 1, Old Republic Policy). The policy provides medical and disability benefits for injury sustained by an insured "while Under Dispatch and performing the duties of the Covered Contract." (*Id.* at § II). Old Republic does not contest, in this motion, that Plaintiff sustained injuries "while Under Dispatch and performing the duties of the Covered Contract." Rather, Old Republic disclaims coverage on the ground that its policy excludes coverage for a loss resulting from an "[i]njury for which Benefits are payable under any Workers' Compensation Act, Medicare, Medicaid or similar law." (Old Republic Mot. Summ. J. 4-5).

In the exclusions section of the policy, Old Republic states that it does not pay for "[i]njury for which Benefits are payable under any Workers' Compensation Act, Medicare or Medicaid or similar law." (Old Republic Policy, § II 21). In Michigan, insurance policy exclusionary clauses are to be strictly construed against the insurer. *Fire Ins. Exchange v. Diehl*, 450 Mich. 678, 687 (1996).

The punctuation of the exclusionary clause raises a construction issue. At the hearing, Old Republic argued that this Court should apply the modifying clause "similar law" to all three laws named in the exclusion provision. However, under the last-antecedent rule followed by both the United States Supreme Court and the Michigan Supreme Court, "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003); *see also Dessart v. Burak*, 470 Mich. 37, 41 (2004), "a modifying clause is confined to the last antecedent unless something in the subject matter or dominant purpose [of the statute] requires a different interpretation"). If, however, the last antecedent is set off by a comma or a period, then the last antecedent rule does not apply and the

12

modifying clause applies to all words or phrases in the sentence. *Cameron v. Auto Ins. Ass'n*, 476 Mich. 55, 71 (2006). Applying the last antecedent rule to this provision, because there is no comma or period after "Medicaid," the modifying phrase "similar law" only applies to the noun "Medicaid." Accordingly, Old Republic would have to show that no-fault insurance is a "similar law" to Medicaid for the exclusion to apply. Old Republic has not met that burden.

The Michigan courts have not decided whether the no-fault act is a "similar law" to Medicaid. Nonetheless, Medicaid is a government program that provides health-care benefits to the poor; as such, it is not similar to the no-fault act, which requires vehicle owners to obtain a private automobile insurance policy. In fact, none of the three laws listed in the statute are similar to the no-fault act. Like Medicaid, the Workers' Compensation Act and Medicare are laws that entitle injured workers and the elderly to health-care and related benefits from the government. The no-fault statute, in contrast, requires vehicle owners to obtain no-fault insurance for property damage, health-care benefits, and wage-loss resulting from a motor vehicle accident. Further, strictly construing the exclusion against Old Republic, the insurer, it is apparent that Old Republic enacted the exclusion in order to avoid duplicate payments to insureds entitled to payments from government programs, such as workers' compensation, Medicare and Medicaid. The exclusion clearly does not contemplate the Michigan no-fault insurance act. Old Republic's motion for summary judgment is, therefore, denied. Old Republic has not shown that, as a matter of law, it is entitled to recoupment or subrogation.

Lastly, this Court must decide Anderson's cross-motion for summary judgment against Old Republic. Old Republic did not file a brief in opposition to Anderson's motion. Anderson argues that it is entitled to summary judgment on Old Republic's claim for subrogation because Old

Republic does not have the right to subrogation against Anderson, as provided in the policy. (Anderson Cross-Motion Summ. J. 3-4).

The relevant clause reads:

K. SUBROGATION

We have the right to subrogate any and all rights of recovery which any Insured Person may have or acquire against any party (except the Holder) or the insurer of any party, for Benefits paid or payable under the Policy.

(Old Republic Policy, § III K). The policy designates Anderson Trucking Service Inc. as the holder of the policy. (Old Republic Policy 1). According to the policy, Old Republic does not have the right to subrogate a right to recovery Plaintiff acquires against Anderson. Anderson is, therefore, entitled to summary judgment on Old Republic's subrogation claim.

## IV. CONCLUSION

For the reasons discussed above, this Court:

1) **GRANTS** Anderson's Motion for Summary Judgment (Doc. No. 37);
2) **DENIES** Old Republic's Motion for Summary Judgment (Doc. No. 33); and
3) **GRANTS** Anderson's Cross-Motion for Summary Judgment Against Old Republic (Doc. No. 36).

SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 30, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 30, 2009.

                                           S/Denise Goodine
                                           Case Manager